UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RANDALL ARTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16 CV 108 |
| | ) |
| ADRIAN SANTOS, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant Adrian Santos' motion for summary judgment (DE # 46), and plaintiff Randall Artis' motion for voluntary dismissal of Count V of his amended complaint (DE # 40). For the reasons identified below, Santos' motion will be granted in part and denied in part, and Artis' motion will be granted.

### I. BACKGROUND

*A. Factual Background*

The present dispute arises from Artis' termination from his employment with the City of East Chicago Clerk's Office. The following facts are undisputed for purposes of resolving the pending motion for summary judgment.

In 2005, Artis pleaded guilty to a federal felony charge related to his theft of funds from the City of East Chicago ("the City") during his tenure as a councilman for the City. (DE # 48-1 at 5-12; DE # 48-2.) Several years later, in the fall of 2014, Santos asked Artis to help him campaign in his bid to be elected Clerk for the City. (DE # 54-3 at 40, 44.) Artis obliged. (*Id.*) Santos won the election, and took office in January 2016.

(DE # 48-8 at 5.)

Meanwhile, in August 2015, the then-City Clerk Mary Morris Leonard had hired Artis as a junior clerk in the Clerk's Office. (DE # 48-3 at 6-7; DE # 54-3 at 29, 38.) In addition to his clerical duties, Artis was responsible for handling money, such as for the posting of bond. (DE # 48-1 at 15.)

In December 2015, in anticipation of his entry into office as Clerk, Santos sought advice from the City's human resources consultant about administering background checks for all Clerk's Office employees. (DE # 48-9 at 5.) Santos wanted to administer background checks as part of his implementation of new professionalism standards. (*Id.*) Santos also wanted to obtain insurance coverage for the Clerk's Office. (*Id.*) At the time, the City was insured under a crime policy with Braman Insurance Services ("the Crime Policy"). (DE # 48-8 at 7-8; DE # 48-12.) The Crime Policy excluded coverage for a loss caused by an employee if the employee had previously committed a theft or other dishonest act. (DE # 48-8 at 7-8.) Santos testified that he believed that the Crime Policy would not cover an employee previously convicted of a felony if there was a subsequent claim related to that employee. (*Id.* at 11.)

In the second week of January 2016, shortly after taking office, Santos asked Artis to support County Commissioner Mike Repay in his upcoming May 2016 bid for re-election. (DE # 48-1 at 24.) Santos also asked Artis to support Marissa McDermott in her campaign for Lake County Circuit Court Judge. (*Id.* at 26.) Specifically, Santos asked Artis to take Repay and McDermott through the West Calumet Complex to secure voter

2

support from the community there. (*Id.* at 27-30.) Artis told Santos that he did not have time to help campaign for Repay and McDermott. (*Id.* at 27-29.) A few days later, Santos repeated his request and Artis again refused. (*Id.* at 30.)

Two weeks later, on February 1, 2016, Santos terminated Artis. (DE # 48-13.) Santos told Artis that he was terminating his employment in light of his previous felony conviction. (DE # 54-3 at 69-71.) Santos also provided Artis with two termination letters, dated February 1, 2016, and February 4, 2016. (DE # 48-13.) The February 1, 2016, letter stated that Santos terminated Artis' employment based on his previous felony conviction. (*Id.* at 1.) The February 4, 2016, letter provided additional detail and stated that Santos had adopted new professionalism standards for the Clerk's Office, and now, as a condition of continued employment, all employees must meet the requirements for bonding. (*Id.* at 2.) Santos' letter informed Artis that, in light of his previous felony conviction, he did not meet the requirements for bonding and thus was terminated. (*Id.*)

B.     *Procedural History*

In his amended complaint, Artis alleges that Santos is liable pursuant to 42 U.S.C. § 1983 for violating his constitutional rights. (DE # 20.) In Count I, Artis claims that Santos violated his right to procedural and substantive due process. (*Id.* at 6.) In Count II, Artis claims that Santos retaliated against him in violation of his First Amendment right to free speech.[1] (*Id.* at 9.)

---

[1] Artis' amended complaint also contains: (1) a claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) a request for a preliminary injunction; and (3) a disparate impact claim against the City of East Chicago pursuant to 42 U.S.C. § 2000e-

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after an adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer*, 327 F.3d at 595. In doing so, the non-moving party cannot rest on the pleadings alone, but must present proof in support of its position. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th

---

2(e). (DE # 20). Artis subsequently moved to voluntarily dismiss his disparate impact claim (and, by extension, the City of East Chicago). (DE # 40.) That motion will be granted. Santos has moved for summary judgment on Artis' claim under the Declaratory Judgment Act and his request for a preliminary injunction. (*See* DE # 47 at 15-19.) Artis did not address Santos' arguments in his response brief, and has therefore abandoned his claim under the Declaratory Judgment Act and his request for a preliminary injunction. *See Palmer v. Marion Cty.*, 327 F.3d 588, 597 (7th Cir. 2003) (a claim not addressed in response to a summary judgment motion is deemed abandoned).

Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

## III. ANALYSIS

### A. Due Process Claim

In his amended complaint, Artis argues that he had a procedural and substantive due process property interest in continued employment with the City. (DE # 20 at 6.) Santos has moved for summary judgment on this claim, arguing that no such right existed. (DE # 47 at 9.) Artis did not address Santos' argument in his response brief, and has therefore abandoned this claim. *See e.g. Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Palmer*, 327 F.3d at 597 (a claim not addressed in response to a summary judgment motion is deemed abandoned). Yet, even if Artis had not abandoned this claim, Santos would be entitled to judgment as a matter of law.

The Fourteenth Amendment forbids state and local governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]he threshold question in any due process challenge is whether a protected property or liberty interest actually exists." *Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013). A protected property interest is a legitimate claim of

entitlement, not defined by the Constitution, but "by existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In other words, "'where state law gives people a benefit and creates a system of nondiscretionary rules governing revocation or renewal of that benefit, the recipients have a secure and durable property right, a legitimate claim of entitlement.'" *Chicago United Indus., Ltd. v. City of Chicago*, 669 F.3d 847, 851 (7th Cir. 2012) (internal citation omitted).

To establish a due process right in the employment context, "'a plaintiff generally is required to show that the terms of his employment provide for termination only 'for cause' or otherwise evince 'mutually explicit understandings' of continued employment.'" *Kvapil v. Chippewa Cty., Wis.*, 752 F.3d 708, 713 (7th Cir. 2014) (internal citation omitted). Under Indiana law, there is a "strong presumption" that employment is at-will. *Harris v. Brewer*, 49 N.E.3d 632, 639 (Ind. Ct. App. 2015). "Indiana law provides that if there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause." *Uhlman v. Panares*, 908 N.E.2d 650, 654 (Ind. Ct. App. 2009).

In his amended complaint, Artis alleges that his property interest in continued employment arose from the City's employment handbook. (DE # 20 at 6.) It is unclear what provision in the handbook Artis believes created a substantive property right. However, Artis twice signed a receipt of the handbook which explicitly stated that the handbook did not alter the nature of any at-will employment relationship: "This

6

handbook is not intended to be an actual or implied contract of employment and does not change <u>any</u> contractual agreement <u>or</u> "at-will" relationship that may apply to my employment with the City of East Chicago." (DE # 48-5; DE # 48-6 (emphasis in original).)

Under Indiana law, this unambiguous disclaimer is sufficient to show that Artis was an at-will employee. "An employee handbook bearing or accompanied by disclaimers that the handbook is not a contract, generally, as a matter of law, does not create a unilateral contract, particularly when the employee has signed the disclaimers." *Uhlman*, 908 N.E.2d at 655. *See also Hayes v. Trustees of Indiana Univ.*, 902 N.E.2d 303, 312 (Ind. Ct. App. 2009); *Packer v. Trustees of Indiana Univ. Sch. of Med.*, 800 F.3d 843, 853 (7th Cir. 2015) (rejecting plaintiff's contention that employee handbook created contractual obligations where handbook preamble expressly disclaimed the creation of legal rights). In fact, Artis admitted during his deposition that he understood that he was an at-will employee. (DE # 48-1 at 21.) *See Kvapil*, 752 F.3d at 713 (finding that plaintiff was an at-will employee where he signed handbook that stated all employees were at-will employees, admitted at his deposition that he was an at-will employee, and had no employment contract or other guarantee of future employment). Thus, Artis had no substantive due process right to continued employment with the City.

Artis also alleges that the handbook created a procedural due process right to a verbal reprimand and an opportunity to respond in writing prior to his termination. (DE # 20 at 7.) Yet, without a property interest in his continued employment, Artis'

7

claim boils down to a contention that Santos did not follow the City's own procedural rules. "A local government's failure to follow its own procedural rules, however, does not violate due process." *Kvapil*, 752 F.3d at 715. *See also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). The handbook provided procedural guidelines for the discipline of City employees – it did not create procedural due process rights.

Artis has failed to establish that Santos violated his rights under the Due Process Clause. Thus, Santos is entitled to judgment as a matter of law with respect to Count I.

B.  *First Amendment Claim*

In Count II of his amended complaint, Artis claims that Santos terminated his employment in retaliation for his refusal to campaign for Repay and McDermott. It is well settled that "a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142 (1983). "Government officials may not discharge public employees for refusing to support a political party or its candidates, unless political affiliation is a reasonably appropriate requirement for the job in question." *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 714 (1996).

To make out a prima facie case of First Amendment retaliation, a public employee must present evidence that "'(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a

motivating factor in the employer's actions.'" *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012) (internal citation omitted).

"[T]he 'motivating factor' requirement splits the burden of production between the parties on summary judgment." *Peele v. Burch*, 722 F.3d 956, 960 (7th Cir. 2013). First, the plaintiff must "provide evidence that the defendants were motivated, at least in part, by a desire to retaliate against him for his protected speech. If he does, then the defendants may counter by showing that they would have reached the same result even without the protected speech." *Id.* "If the employer successfully rebuts the causal inference, the burden shifts back to the plaintiff to 'demonstrate that the [employer's] proffered reason was pretextual and that the real reason was retaliatory animus.'" *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 313 (7th Cir. 2017), reh'g denied (Mar. 27, 2017) (internal citation omitted). To show pretext and survive summary judgment, a plaintiff must produce evidence upon which a rational factfinder could infer that the employer's proffered reason for the adverse action was a lie. *Id.* at 314.

Artis argues that the timing of his termination, just two weeks after his refusal to campaign for Repay and McDermott, is evidence of Santos' retaliatory motivation. Santos contends that he terminated Artis in furtherance of his new professionalism standards for the Clerk's Office, and because Artis could not be bonded or insured due to his felony conviction. He claims that he would have terminated Artis regardless of Artis' protected conduct. Artis argues that Santos' proffered reasons amount to pretext.

After a thorough review of the parties' arguments and the record, the court

concludes that the evidence, viewed in a light most favorable to Artis, reveals genuine issues of material fact, including but not limited to the question of whether Artis' refusal to campaign for Repay and McDermott motivated Santos' decision to terminate Artis' employment. Suspicious timing, alone, is usually insufficient to create a triable issue of fact. *See e.g. Peele*, 722 F.3d at 960; *Kidwell*, 679 F.3d at 967. "Occasionally, however, an adverse action comes so close on the heels of a protected act that an inference of causation is sensible." *Loudermilk v. Best Pallet Co.*, LLC, 636 F.3d 312, 315 (7th Cir. 2011). Here, the proximity of Artis' protected conduct to the subsequent adverse employment action might alone create a question of fact regarding the causal connection. *See Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 939 (7th Cir. 1996) (finding a reasonable inference of retaliation where adverse employment action occurred two weeks after employee's protected conduct).

However, suspicious timing is not the only evidence from which a jury could infer a retaliatory motivation. There is also evidence that Santos did not fire a second employee, Irma Sustaita, who also had a prior felony conviction and who worked in the Clerk's Office at the time Artis was terminated. (DE # 54-17 at 5.) Santos suggests that Sustaita may have lied about her felony conviction, on the basis that the Lake County Sheriff's Department has no criminal record for Sustaita. (DE # 61 at 10-11.) However, whether Sustaita had a prior felony conviction, and whether Santos knew of this conviction, are material questions of fact relevant in determining whether Santos had a retaliatory motivation for terminating Artis. To the extent that Sustaita did have a prior

felony conviction, a jury might reasonably be skeptical about Santos' proffered justifications for terminating Artis. *See Koehn v. Tobias*, 605 F. App'x 547, 551–53 (7th Cir. 2015) (timing of employer's adverse action was "too convenient" to permit summary judgment on plaintiff's First Amendment retaliation claims).

It is up to a fact-finder to assess the credibility of Santos' proffered justifications for terminating Artis' employment. Therefore, Santos' motion for summary judgment with respect to Count II must be denied.

C. *Motions to Strike*

Both parties have filed motions to strike.[2] (DE ## 62, 69, 70.) Santos has moved to strike: (1) evidence from Artis' unemployment proceedings, on the basis that it is irrelevant and prejudicial; (2) the declaration of Kimberly Anderson, on the basis that it contains inadmissible hearsay; and (3) portions of the deposition testimony of Artis, Repay, and Inez Williams, on the basis that the challenged statements are speculative, self-serving, and conclusory. (DE # 62.) Artis has moved to strike: (1) Santos' supplemental exhibits regarding Sustaita's criminal background, on the basis that this evidence was not properly disclosed during discovery (DE # 69); and (2) the affidavit of Roosevelt Haywood, on the basis that it is irrelevant (DE # 70).

Motions to strike are usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp. 2d

---

[2] Santos' motion to strike is made pursuant to Federal Rule of Civil Procedure 12(f). This is improper, as Rule 12(f) pertains exclusively to pleadings.

690, 695 (N.D. Ind. 2009). That is not the case here. When ruling on the motion for summary judgment, the court is capable of sifting through the evidence, arguments, and purported disputes under the applicable federal rules and case law, giving each purported dispute the credit to which it is due. To the extent that designated evidence by either party is inadmissible in this case, the court disregards that evidence in evaluating the motions for summary judgment. *See Gilfand v. Planey*, 2011 WL 4036110, at *5 (N.D. Ill. Sept. 9, 2011) ("[The court] can determine the facts relevant to summary judgment and disregard extraneous or improper statements."). It is the function of a court, with or without a motion to strike, to review carefully all of the briefing related to a motion for summary judgment and to eliminate from consideration any argument, conclusion, or assertion unsupported by the documented evidence in the record. *Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 596 (N.D. Ind. 2006). Therefore, there is no need to strike the challenged evidence based on admissibility concerns.

In light of the foregoing, the motions to strike will be denied. Santos' motion to strike (DE # 62) and Artis' second motion to strike (DE # 70) will be denied as moot. There is no need to strike the challenged evidence because this evidence was not considered in the resolution of Santos' motion for summary judgment. Artis' first motion to strike (DE # 69) will also be denied, on the basis that Santos' evidence challenging the existence of Sustaita's felony conviction did not prejudice Artis – in fact, it helped create a genuine issue of material fact that permitted him to survive summary judgment.

## IV. CONCLUSION

For these reasons, the court:

(1) **GRANTS** plaintiff Randall Artis' motion to voluntarily dismiss his disparate impact claim (Count V) of his first amended complaint (DE # 40) and **DIRECTS** the Clerk to terminate the City of East Chicago as a party to this case;

(2) **GRANTS** defendant Adrian Santos' motion for summary judgment (DE # 46) with respect to plaintiff's due process claim (Count I);

(3) **DENIES** defendant Adrian Santos' motion for summary judgment (DE # 46) with respect to plaintiff's First Amendment retaliation claim (Count II);

(4) **GRANTS** defendant Adrian Santos' motion to supplement (DE # 60);

(5) **DENIES AS MOOT** defendant Adrian Santos' motion to strike (DE # 62);

(6) **DENIES** plaintiff Randall Artis' motion to strike (DE # 69);

(7) **DENIES AS MOOT** plaintiff Randall Artis' motion to strike (DE # 70); and

(8) **ORDERS** the parties to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by **January 4, 2019**. A trial date will be set under separate order.

                                              **SO ORDERED.**

Date: December 14, 2018

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT